UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEHROOZ MOHAZZABI,<br><br>Plaintiff,<br><br>v.<br><br>BEHZAD MOHAZZEBI,<br><br>Defendant. | Case No. 19-cv-06453-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 8, 14 |

Defendant Behzad Mohazzebi's motion to dismiss the complaint is scheduled for a hearing on December 6, 2019 at 10:00 a.m. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss for lack of personal jurisdiction. If plaintiff wishes to pursue this lawsuit in another court that has personal jurisdiction over defendant, the Court recommends that plaintiff seek assistance from the Federal Pro Bono Project, available at 415-782-8982 or fedpro@sfbar.org.

**BACKGROUND**

On May 6, 2019, plaintiff Behrooz Mohazzabi filed this lawsuit in San Mateo County Superior Court alleging claims for breach of contract and fraud against his brother, defendant Behzad Mohazzebi.[1] After service of the complaint, defendant timely removed the case to the Court.

The complaint alleges that defendant orally agreed to personally guarantee repayment of a

---

[1] At the time of the filing of the complaint, plaintiff was represented by counsel. Plaintiff is currently proceeding *pro se*.

loan that plaintiff made to a third brother, Dariush Mohazzebi ("Dariush"), and that defendant has failed to make payments under that alleged personal guarantee. According to the complaint, on or about April 25, 2013, plaintiff orally agreed to loan Dariush $200,000, and defendant orally agreed to guarantee the repayment of the loan with interest. Compl. ¶ BC-1 (Dkt. No. 1-1).[2] Plaintiff alleges that by August 12, 2017, "Dariush Mohazzabi[3] failed to make full repayment as originally agreed and as renegotiated[,]" and defendant "then failed to pay the balance of Dariush Mohazzebi's debt as promised, as per the personal guarantee." *Id.* at ¶ BC-2. On a "check the box" portion of the state court complaint form, the complaint alleges that "[t]his court is the proper court because the contract was to be performed [in California]." *Id*. at ¶ 7. The complaint does not contain any allegations regarding defendant's contacts with California.

On October 15, 2019, defendant filed a motion to dismiss based on lack of personal jurisdiction and failure to state a claim. In support of the motion, defendant has filed a declaration stating that he is a resident and citizen of Florida, where he has lived since November 2009. Mohazzebi Decl. ¶ 2 (Dkt. No. 8-1). Prior to November 2009, defendant was a resident and citizen of New Jersey. *Id.* Defendant states that he has never been a resident or citizen of California, never been employed in California, does not maintain any businesses or offices in California, and does not have any bank accounts in California. *Id.* ¶¶ 2-6. Defendant denies that he made any agreement to guarantee the loan plaintiff made to Dariush, and defendant states, "I have not met with Plaintiff in California at any time during the events alleged in the Complaint. The last time I met Plaintiff in person in California was approximately 10 years ago at a family wedding in Northern California in the summer of 2009." *Id*. ¶¶ 8-9.

Plaintiff, proceeding *in pro per*, filed an opposition that did not address personal jurisdiction. Instead, plaintiff's opposition addresses the merits of his breach of contract and fraud claims, and asserts facts that are not contained in the complaint, such as details about the parties' alleged conversations regarding the oral contract. *See generally* Dkt. No. 11. Defendant filed a reply, to

---

[2] Plaintiff's opposition states that this agreement was made during a telephone call. Dkt. No. 11 at 1-1.

[3] Plaintiff has spelled Dariush's last name two different ways, Mohazzebi and Mohazzabi.

which plaintiff filed a sur-reply. Dkt. No. 13.[4] In his sur-reply, plaintiff asserts that defendant regularly visits his two daughters who live in Los Angeles, California. *Id.* Plaintiff's sur-reply also acknowledges that defendant formerly lived in New Jersey and currently lives in Florida. *Id.*

**LEGAL STANDARD**

A defendant may move to dismiss the complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Where there is no applicable federal statute that governs personal jurisdiction, a district court "may exercise personal jurisdiction over a defendant 'if it is permitted by [the state's] long-arm statute and if the exercise of jurisdiction does not violate federal due process.'" *Autodesk, Inc. v. Kobayashi + Zedda Architects, Ltd.*, 191 F. Supp. 3d 1007, 1013 (N.D. Cal. 2016) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Since "California's long-arm statute allows the exercise of personal jurisdiction to the fullest extent permissible under the U.S. Constitution," a district court need only determine whether the exercise of jurisdiction comports with federal due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). A district court's exercise of personal jurisdiction comports with due process when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court may exercise either general or specific jurisdiction over an out-of-state defendant. *See Daimler AG*, 571 U.S. at 127.

Upon defendant's motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co.*, 453 F.3d at 1154. However where, as here, a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make "a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Where undisputed, a district court must take as true the plaintiff's

---

[4] Defendant moved to strike the sur-reply because it was filed without leave of Court. In light of plaintiff's *pro se* status, the Court grants plaintiff leave to file the sur-reply and DENIES defendant's motion to strike.

3

version of the facts. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citations omitted). Conversely, "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists." *Id*.

**DISCUSSION**

Defendant contends that this Court lacks personal jurisdiction over him because he is a Florida resident and he has never lived, worked or done business in California. Defendant argues the only allegation in the complaint that conceivably relates to jurisdiction – that "[t]his court is proper because the contract was to be performed here" – is legally irrelevant because an alleged oral promise made from outside California to guarantee a loan does not subject the promisor to personal jurisdiction in California. Plaintiff's opposition papers largely do not address personal jurisdiction, except to assert that defendant travels to California to visit his two daughters.

The Court concludes that it does not have personal jurisdiction over defendant. There is no basis for general jurisdiction, which requires that "the defendant must engage in continuous and systematic general business contacts" in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation marks and citation omitted). Here, there is no allegation that defendant has engaged in systematic business contacts in California, and to the contrary, defendant has filed a declaration stating he has never been employed in California and that he has no offices or bank accounts in this state.

There is also no basis for specific jurisdiction. A district court has specific jurisdiction over the defendant when the following three-prong test is satisfied:

> (1) The non-resident defendant must direct [one's] activities or consummate some transaction with the forum or a resident thereof; or perform some act by which [one] purposefully avails [oneself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one that arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

4

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). Plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802.

Under the first prong, a plaintiff must establish that the defendant "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California." *Id.* at 802. "For claims sounding in contract, we generally apply a 'purposeful availment' analysis and ask whether a defendant has 'purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802). "For claims sounding in tort, we instead apply a 'purposeful direction' test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Picot*, 780 F.3d at 1212. Because plaintiff asserts contract and tort claims, both tests apply.

**I.     Purposeful Availment – Contract Claim**

"A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. "[T]he mere existence of a contract with a party in the forum state does not constitute sufficient minimum contacts for jurisdiction." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990); *see also Doe v. Unocal Corp*., 248 F.3d 915, 924 (9th Cir. 2001) ("However, an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts to support personal jurisdiction.") (internal quotation marks and citations omitted). "Instead, we must look to 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are 'substantial' and not merely 'random, fortuitous, or attenuated.'" *Sher*, 911 F.3d at 1362 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 480 (1985)).

Here, plaintiff does not allege that defendant engaged in any "type of affirmative conduct which allow[ed] or promote[d] the transaction of business within the forum state." *Id.* Plaintiff

5

does not dispute that defendant is a Florida resident, and he asserts that the parties entered into an oral contract on the telephone. The complaint contains the conclusory allegation that the contract was to be "performed" in California, which presumably means that defendant allegedly agreed to send money to plaintiff in California. Thus, the only alleged connection between defendant and California is that defendant entered into a contract with a California resident and agreed to send the California resident money.[5] Such a connection is not "substantial" and instead is too attenuated to provide a basis for specific jurisdiction. *See Sher*, 911 F.3d at 1362-63 (California court did not have specific jurisdiction over Florida law firm that represented California client in criminal proceeding in Florida where "[a]s normal incidents of this representation the partnership accepted payment from a California bank, made phone calls and sent letters to California . . . because neither the partnership nor any of its partners undertook any affirmative action to promote business within California"); *see also Picot*, 780 F.3d at 1212-13 (California court did not have specific jurisdiction over Michigan resident who allegedly entered oral agreement with California resident where contract was formed in Michigan and defendant performed most of work in Michigan; holding the plaintiff's California contacts could not provide basis for jurisdiction; and finding the defendant's two business trips to California did not create a substantial connection).

Because plaintiff has not established the first prong of the specific jurisdiction test for the contract claim, the Court does not address the remainder of the analysis with regard to the contract claim.

## II. Purposeful Direction – Fraud Claim

"[A] defendant purposefully directed his activities at the forum if he: '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 803). "In applying this test, we must 'look[] to the defendant's contacts with the forum State

---

[5] Plaintiff's sur-reply asserts that defendant travels to Los Angeles to visit his daughters. Even if this fact was alleged in the complaint, it would not provide a basis for personal jurisdiction because such personal visits are not affirmative conduct showing that defendant purposefully availed himself of the privilege of conducting business in California.

6

itself, not the defendant's contacts with persons who reside there.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). A "mere injury to a forum resident is not a sufficient connection to the forum" unless the "defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 285.

For the same reasons as stated above, the Court finds that defendant did not purposefully direct activities at California. The only alleged connection between defendant and California is the allegation that defendant entered into a contract with a California resident. However, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* Plaintiff does not allege that defendant expressly aimed acts at California. Because plaintiff has not established the first prong of the specific jurisdiction test for the fraud claim, the Court does not address the remainder of the analysis with regard to this claim.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendant's motion to dismiss for lack of personal jurisdiction and DENIES defendant's motion to strike the sur-reply. Because the Court does not have personal jurisdiction over the defendant, the Court does not address defendant's motion to dismiss for failure to state a claim. *See Ronald C. Fish v. Watkins*, No. CV 03-0067-PHX-SMM, 2006 WL 8441121, at *3 (D. Ariz. Dec. 14, 2006) ("[A] court has no authority to address the merits of a claim against a particular party if it lacks personal jurisdiction over that party"), *aff'd sub nom. Fish v. Watkins*, 298 F. App'x 594 (9th Cir. 2008).

**IT IS SO ORDERED**.

Dated: December 3, 2019

SUSAN ILLSTON
United States District Judge